GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
CANDIS MITCHELL
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Candis_Mitchell@fd.org

Counsel for Defendant Flores

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **United States of America,** | Case No.: XR 20–90052 SK |
| Plaintiff, | **Defendant's Sentencing Memorandum** |
| v. | |
| **Joshua Flores,** | **Court:** Courtroom A, 15th Floor (*via* Zoom) |
| Defendant. | **Hearing Date:** January 4, 2022 |
| | **Hearing Time:** 10:00 a.m. |

BACKGROUND

On June 22, 2019, Mr. Flores was spending the day at the beach with his friends. After a call reported a verbal argument and an intoxicated woman in the Baker Beach parking lot, National Park Service Ranger Paul Scholtz and non-commissioned park service employee Kevin Rivera approached Mr. Flores and his then-girlfriend sitting inside a parked car. After a very brief and confusing exchange, Rivera, then Scholtz, quickly grabbed Mr. Flores and, within seconds, Scholtz struck Mr. Flores twice in the face. They handcuffed Mr. Flores and put him into the back of the patrol car. After he was grabbed and thereafter in the patrol car, Mr. Flores repeatedly expressed his distress and

questioned why he was apprehended, oftentimes using profane language. The government charged Mr. Flores with three federal misdemeanors: (1) disorderly conduct (36 C.F.R. § 2.34(a)(1)); (2) interfering/resisting a federal employee engaged in an official duty (36 C.F.R. § 2.32(a)(1)); and (3) being under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person (36 C.F.R. § 2.35(c)).[1] On January 16, 2020, Mr. Flores was arraigned and pled not guilty to all charges.[2]

The facts were litigated before this Court in a motion to suppress and motion to dismiss on August 11, 2020.[3] On August 14, 2020, the Court issued an order denying the motion to suppress and motion to dismiss.[4] A bench trial occurred on December 1, 2021.[5] After bench trial, the Court found Mr. Flores guilty of all the federal misdemeanors charged.[6] Mr. Flores now appear for sentencing.

## AVAILABLE SENTENCES

Mr. Flores is charged with three offenses—each of which are class B misdemeanors[7] and punishable by up to six months or less but more than 30 days in Federal custody,[8] monetary fines up to a maximum of $5,000.00,[9] and supervised probation for up to five years.[10] Supervised release can be given up to one year.[11] The special assessment per count is $10.[12] The sentences for the offenses can be consecutively applied.

## REQUESTED SENTENCE

Mr. Flores requests that the Court sentence him to four months' probation, a fine of $100—concurrently for all counts—and a total special assessment of $30.

---

[1] Dkt. 1.
[2] Dkt. 3.
[3] Dkts. 17, 18, 51.
[4] Dkt. 52.
[5] Dkt. 112.
[6] Dkt. 115.
[7] 18 U.S.C. § 1865
[8] 18 U.S.C. § 3559.
[9] 18 U.S.C. § 3571.
[10] 18 U.S.C. § 3561(c).
[11] 18 U.S.C. § 3583(b)(3).
[12] 18 U.S.C. § 3013.

Mr. Flores makes the request for this sentence in light of the limited nature of his contact with law enforcement, the length of time that has transpired since his encounter, his current limited employment, and his outstanding student loans of $10,000—which would preclude a higher fine. Since his encounter with park rangers in 2019, Mr. Flores has had no further law enforcement contact with the U.S. Park Services. In the years since the event, Mr. Flores has been proactive about addressing his mental health and seeking therapy and treatment that would decrease his likelihood of recidivism. In the time since his arrest in 2019, Mr. Flores has completed biweekly telehealth counseling with a mental health provider. He no longer avails himself of the telehealth counseling as his mental health provider has informed him that he has gained the necessary skills to be diffuse future situation and address his mental health. As a result, there is no need for a lengthy period of supervision for Mr. Flores to avail himself of treatment that could otherwise be provided by probation. Furthermore, Mr. Flores has had more than two years since the incident occurred to reflect on his actions and his problem solving skills and that growth—along with the natural maturation that comes with aging—reduces the probability that Mr. Flores would engage in similar conduct.

A higher fine would be burdensome of Mr. Flores as he has been out of work and with a limited income since the onset of the COVID pandemic. He previously operated his own auto body shop, however, as a result of the COVID pandemic the shop closed in 2020. Mr. Flores has had limited employment opportunities since the closure of the auto body shop. Not defeated by the shop's closure, in the future Mr. Flores intends to reopen the auto body shop and continue seeking partnership opportunities with other car dealers. In addition to his unemployment, Mr. Flores has an outstanding student loan of approximately $10,000. Adding a large fine to his punishment for the offense would be unduly burdensome and excessive punishment in light of his existing financial situation.

For the reasons above, Mr. Flores requests a sentence of four months' probation. This sentence is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. The fine of $100 takes into consideration Mr. Flores' financial status and adequately serves as a monetary penalty.

|   |   |
|---|---|
| Dated: January 3, 2022 | Respectfully submitted,<br><br>GEOFFREY HANSEN<br>Acting Federal Public Defender<br>Northern District of California<br><br>              /S              <br>CANDIS MITCHELL<br>Assistant Federal Public Defender |