1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   TOM COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  LINA Y. PENG (NYBN 5150032)
   Assistant United States Attorneys
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7224
7       FAX: (415) 436-7234
        Email: Lina.Peng@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,          )  **CASE NO. 20 XR 70052**
                                       )
14         Plaintiff,                  )  UNITED STATES' SENTENCING
                                       )  MEMORANDUM
15     v.                              )
                                       )
16  JOSHUA FLORES,                     )
                                       )
17         Defendant.                  )
    _____)
18

19         The United States respectfully submits this memorandum in advance of the sentencing in this

20  case.  The United States recommends that the defendant be sentenced to 12 months of supervised

21  release, a $30 mandatory special assessment, and a $1,000 fine.  In addition, the United States

22  recommends that the Court impose as conditions of supervised release substance abuse counselling, drug

23  and/or alcohol testing, and mental health and/or anger management counselling, as well as the standard

24  conditions of supervision.

25  **I.      BACKGROUND**

26         **A.      Offense Conduct and Criminal History**

27         Defendant Joshua Flores, after a two-day bench trial, has been convicted of three counts: (1)

28  interference with agency functions, in violation 36 C.F.R. § 2.32(a)(1); (2) disorderly conduct, in

violation of 36 C.F.R. § 2.34(a)(1); and (3) presence in a park area when under the influence of alcohol to a dangerous degree, in violation of 36 C.F.R. § 2.35(c).

For each count, the Court may impose any sentence authorized by statute for a Class B misdemeanor.  U.S.S.G. § 1B1.9.  Sentences for such offenses may be consecutive to or concurrent with sentences imposed on other counts.  *Id.*  The maximum penalty for a Class B misdemeanor is 6 months of imprisonment, 1 year of supervised release, $5,000 fine and mandatory $10 special assessment per count.  18 U.S.C. §§ 3583, 3571, 3013.  The Court can also impose a term of probation of up to 5 years.

While the instant case was pending, according to his RAP sheet, on March 5, 2021, Flores was arrested by the Las Vegas Metropolitan Police for intimidation of public officer/public employee, in violation of Nevada Statute 199.300.3 (gross misdemeanor).[1]

**B.    Legal Standard**

Although the United States Sentencing Guidelines do not apply to misdemeanors, they nevertheless provide a useful roadmap for the types of factors the Court should consider in imposing a sentence in this case.  The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007).  The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary."  *Carty*, 520 F.3d at 991.  In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

>    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>    (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>    (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
>    (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

---

[1] The United States has attempted to ascertain the status of the case, but has not been successful to date.

## II.      SENTENCING RECOMMENDATION

The Court indicated at the rendering of the verdict that it did not intend to impose a term of imprisonment.  The United States respects the Court's decision.  In light of the fact that no term of imprisonment will be imposed, however, the other available sentencing options should be leaned on more heavily to achieve the goals of sentencing.  In consideration of what non-incarceratory sentence is appropriate, the United States submits that the sentencing considerations of general and specific deterrence and promotion of public safety and respect for the law are particularly important for this defendant.  These goals are achieved through the United States' recommendation of one year of supervised release, a $1,000 fine, and conditions of supervised release to include substance abuse counselling and testing, as well as mental health/anger management counselling (as directed by Probation).

The Court is well familiar with the underlying facts of the offenses of conviction.  The defendant was intoxicated and violently resisted and interfered with park rangers trying to do their jobs, all in public view of beachgoers.  Beyond that, the defendant hurled vile racial epithets at the rangers and attempted to incite his friends.  He kicked and punched the back of the squad car, causing his knuckles to bleed.  This conduct poses a danger to the public and warrants deterrence.  The defendant's characteristics also suggest that a higher degree of specific deterrence is needed.  Although the defendant has the right to take his case to trial, in the United States' view, he has not demonstrated that he has accepted responsibility for his actions, even post-conviction.[2]  Throughout this heavily litigated misdemeanor case, including at motion hearings and at trial, the defendant has attempted to deflect blame onto others, while minimizing his own conduct.  This is in character for the defendant, whose initial thoughts after arrest were to sue the park rangers rather than reflect on his own actions.  His sentencing memorandum continues to suggest that the whole episode was one of mere confusion on his part, and that he was a victim.  Moreover, since the instant case, the defendant was arrested again for what appears to be similar conduct by the Las Vegas police, on the charge of intimidation of public

---

[2] Under the Sentencing Guidelines, a downward adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1.

officers/employees.  That the defendant knew he had this instant case pending, but still apparently engaged in similar conduct is telling of the level of specific deterrence required.

A year of supervision by Probation, along with a $1,000 fine is sufficient and not greater than necessary.  The defense suggests that a $1,000 fine would be excessive because the defendant has student loans.  But a fine would serve no deterrent effect if it meant nothing to the defendant.  Any undue hardship could easily be remedied by an installment payment plan, which could take into account the auto body shop the defendant is reportedly in the process of obtaining.  For instance, the defendant could pay $100 per month, or the equivalent to 10 percent of his monthly salary (whichever were higher).  In lieu of jail time, a meaningful fine is needed to provide just punishment and afford specific deterrence.  A year of supervision is reasonable for the same reasons, and also to assure that the defendant does not repeat his conduct for protection of the public.  As noted, while it is true that this case has been pending for a while, the defendant was not subject to any supervision during that time and indeed got arrested again.   Finally, the United States requests a substance treatment/testing and mental health condition during the period of supervision.  As reflected by the offense conduct, as well as the evidence presented at trial, the defendant would likely benefit from both substance abuse and mental health treatment for alcohol and drug use, as well as in dealing with his anxiety and anger management issues.


DATED:  January 3, 2022                                    Respectfully submitted,

                                                                            STEPHANIE M. HINDS
                                                                            United States Attorney


                                                                            _____/s/_____
                                                                            LINA PENG
                                                                            ROSS D. MAZER
                                                                            Assistant United States Attorneys